**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **MICHAEL SMITH,** | : | |
| **Plaintiff** | : | |
| v. | : | 5:05-CV-111 (WDO) |
| **CITY OF UNADILLA, et al.,** | : | |
| **Defendants** | : | |

**ORDER**

Plaintiff filed this suit against the City of Unadilla and various City officials claiming racial discrimination, due process violations, libel, slander and conspiracy to violate his civil rights. Plaintiff claims that City officials, who are African-American, discriminate against Caucasian law enforcement officers by not giving Caucasians promotions, by allowing more flexible schedules for African-Americans and by dropping criminal charges filed by Caucasians while pursuing charges filed by African-Americans. Plaintiff moved to certify a class to represent "all Caucasian" officers who have worked for or will attempt in the future to work for the Defendants. Defendants contend that Plaintiff is not adequately suited to represent the class nor is there any way to know if the claims would meet the Federal Rules' requirements of numerosity and typicality. After carefully considering the parties' briefs and the arguments and evidence presented in the hearing on this matter, the Court makes the following findings.

To proceed as a class action, Plaintiff Smith must show that "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the

1

class, and (4) the representative parties will fairly and adequately protect the interests of the class." Prado-Steiman ex rel. Prado v. Bush, 221 F.3d 1266, 1278 (11th Cir. 2000). "These four requirements commonly are referred to as the prerequisites of numerosity, commonality, typicality, and adequacy of representation." Id. (citations omitted).

> Traditionally, commonality refers to the group characteristics of the class as a whole and typicality refers to the individual characteristics of the named plaintiff in relation to the class. These requirements serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.

Id. (citations omitted). "[P]rior to the certification of a class, and technically speaking before undertaking any formal typicality or commonality review, the district court must determine that at least one named class representative has Article III standing to raise each [claim]." Id. at 1279. "It is not enough that a named plaintiff can establish a case or controversy between himself and the defendant by virtue of having standing as to one of many claims he wishes to assert. Rather, 'each claim must be analyzed separately, and a claim cannot be asserted on behalf of a class unless at least one named plaintiff has suffered the injury that gives rise to that claim.'" Id. at 1280 (citation omitted).

> The numerosity requirement is satisfied if the proposed class is so numerous that joinder of all members is impracticable. The requirement that joinder is impracticable does not mandate that joinder is impossible; rather, Plaintiffs need only show that it would be extremely difficult or inconvenient to join all members of the class. Plaintiffs generally must proffer some evidence or a reasonable estimate of the number of members comprising the purported class.

Rhodes v. Cracker Barrel Old Country Store, Inc., 213 F.R.D. 619, 674 (N.D. Ga. 2003) (citing FED.R.CIV.P. 23(a)(1)) (other citation omitted).

2

In this case, Plaintiff Smith alleges disparate treatment claims[1] and therefore must show the Defendants intentionally treated him less favorably than a similarly-situated African-American employee on the basis of his race. Id. at 676. To bring a class action on that type of claim, Plaintiff Smith must show that racial discrimination was the Defendants' "standard operating procedure – the regular rather than the unusual practice. This type of case commonly is known as a 'pattern or practice case.'" Id. (citations omitted). "A plaintiff's task in establishing commonality is more difficult where the plaintiff alleges disparate treatment claims." Id. at 677 (citing Nelson v. U.S. Steel Corp., 709 F.2d 675, 679 n.9 (11th Cir.1983)). "Indeed, commonality often is absent in disparate treatment class actions because disparate treatment claims, by their very nature, are individual." Id. (citing Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566, 1570 n.10 (11th Cir.1992)).

In Rhodes, the court found that commonality was not present because the court would be required "to analyze several different individual hiring decisions – including who Defendant interviewed and hired for each position, as well as the races and relative qualifications of the applicants, whether Defendant had a position available, and what positions were available, who Defendant cross-trained, and who Defendant transferred, as well as the reasons for Defendant's decisions." Id. Further, even if the plaintiff had established an inference "that an individual class member or proposed class representative had been denied an employment opportunity by Defendant based on Defendant's pattern or practice of discrimination, Defendant still could demonstrate that it denied that individual an opportunity for lawful reasons." Id. Because the Court "would have to

---

[1] It does not appear that Plaintiff is asserting a disparate impact claim - that a *facially neutral* requirement or policy of the defendant disproportionally and adversely affected members of a particular protected group. The Court will therefore not address that type of claim.

make individualized factual determinations for each proposed class representative and class member," it found the plaintiffs could not "satisfy the commonality requirement with respect to their disparate treatment claims." Id.

"A representative plaintiff's claim is typical if 'it arises from the same event or practice or course of conduct that gives rise to the claims of the other class members, and her or his claims are based on the same legal theory.'" Id. at 280 (citing FED.R.CIV.P. 23(a)(3)) (other citation omitted). In Rhodes, the court found that the plaintiffs could not satisfy the typicality requirement with respect to their disparate treatment claims because, along with other factors, (1) the proposed class representatives' and members' disparate treatment claims would require individualized factual determinations, (2) the statistical evidence did not show a *consisten*t pattern of adverse treatment and (3) the allegedly adverse employment actions involved many practices including hiring, cross-training, compensation and promotion. Id. at 682 (emphasis added).

In his deposition, Plaintiff Smith admitted that (1) most of the decisions with which he takes issue were not motivated by race, (2) he was never denied a promotion, denied compensation or demoted, (3) he had no legal right to interview for the position of Chief of Police, (4) he was not as qualified for the position of Chief of Police as the candidate who received the job who had 20 years of experience, (5) he never applied for the position of Captain, (6) he has no legal right to bring specific charges against an arrestee, (7) he has not been terminated, (8) no false statements about him were publicly released, (9) he was not asked to falsify reports and (10) he knows nothing about the duties of representing a class – or even who may be a member of the purported class.

Even after construing the facts and the applicable law in Plaintiff's favor, it is clear he failed to meet the requirements to proceed with this case as a class action. First, he failed to show the class

is so numerous that joinder of all members is impracticable. He only identified two, and possibly three, individuals other than himself who had a case dismissed, charges reduced or some other alleged problem with one of their cases. He has "no idea" of the number of potential plaintiffs. It would be *very* "practicable" to join the two or three other individuals he did identify. Second, although there may arguably be questions of law common to the putative class, the questions of fact cannot even be identified with any specificity much less shown to be "common to the class." Of the two or three other examples Plaintiff gave as alleged instances of discrimination, those examples involve greatly differing factual (and thus legal) circumstances. Moreover, considering the thousands of cases that have gone through the Police Department, a few examples of some cases being thrown out or having charges reduced does not show the widespread abuse necessary to pursue a class action. Third, the claims or defenses of Plaintiff Smith are not typical of the claims or defenses of the putative class.

Even if the Court accepts the Plaintiff's request to delve into endless hypotheticals about why and under what circumstances other officers were terminated or received less favorable treatment, he has not shown his claims would be "typical" of that of the other officers. The individuals' claims (and potential claims) vary greatly. Most important, Plaintiff failed to show he has Article III standing to raise the claims asserted. It is not enough that he may be able to establish a case or controversy between himself and the Defendants by virtue of having standing as to one of many claims he wishes to assert. Rather, each claim must be analyzed separately and cannot be asserted on behalf of a class unless Plaintiff has suffered the type of or class of injuries that gives rise to the other claims. Likewise, as in Rhodes, *supra,* commonality is not present in this case because, to analyze all the claims Plaintiff wishes to bring, the Court would be required to analyze many

different individual hiring decisions including who was interviewed, hired or fired for each position, the race and relative qualifications of the applicants/officers, whether positions were available, what positions were available, whose charges were dismissed or reduced, why those charges were dismissed or reduced, whether any allegedly "missing evidence" was the fault of an individual within the Police Department or someone outside the Department, exactly who was scheduled to work and when and whether and how much each individual was paid in relation to what other officers were or were not paid.  The individuality of the claims weighs very heavily against class certification.    Plaintiff has not demonstrated that the class is so numerous that joinder is impractical.  Plaintiff failed to show questions of fact and law common to the entire class.  Plaintiff failed to demonstrate similarities between himself and the claims of the putative class.  Plaintiff merely alleged discrimination against "all" Caucasian officers who have ever worked for the Unadilla Police Department or who may in the future possibly apply.  Plaintiff failed to establish "commonality and typicality" sufficient to support a class action.  Based on these findings, the Court will not address whether Plaintiff's attorney is qualified, experienced and could competently and vigorously prosecute the suit or whether Plaintiff's interest is antagonistic to or in conflict with other members of the putative class.  Plaintiff's motion for class certification is DENIED.

      **SO ORDERED this 11th day of July, 2006.**

      **S/**
**WILBUR D. OWENS, JR.**
**UNITED STATES DISTRICT JUDGE**